1  Jeffrey Cutler [CA SBN 100639]
   E-mail: jcutler@wkclegal.com
2  Elizabeth Rosenfeld [CA SBN 106577]
   E-Mail: erosenfeld@wkclegal.com
3  Marie J. Skinner [CA SBN 291532]
   E-Mail: mskinner@wkclegal.com
4  WOHLNER KAPLON CUTLER
   HALFORD & ROSENFELD
5  A Professional Corporation
   16501 Ventura Boulevard, Suite 304
6  Encino, California 91436
   Telephone: (818) 501-8030; Facsimile: (818) 501-5306
7
   Attorneys for Plaintiffs
8
                UNITED STATES DISTRICT COURT
9
          FOR THE CENTRAL DISTRICT OF CALIFORNIA
10

11  THE BOARDS OF TRUSTEES OF          **CASE NO.:**
    THE SOUTHERN CALIFORNIA
12  FLOOR COVERING PENSION TRUST
    FUND, SOUTHERN CALIFORNIA         **COMPLAINT FOR SPECIFIC**
13  FLOOR COVERING HEALTH AND         **PERFORMANCE AND VIOLATION**
    WELFARE TRUST FUND,               **OF ERISA**
14  SOUTHERN CALIFORNIA FLOOR
    COVERING APPRENTICESHIP AND       **[29. U.S.C. §§185, 1132, 1145]**
15  TRAINING TRUST FUND,
    SOUTHERN CALIFORNIA FLOOR
16  COVERING VACATION AND
    HOLIDAY TRUST FUND,
17  CONTRACT ADMINISTRATION
    TRUST FUND, AND THE PAINTERS
18  AND ALLIED TRADES LABOR
    MANAGEMENT COOPERATION
19  FUND, AND THE RESILIENT FLOOR
    AND DECORATIVE COVERING
20  LOCAL UNION NO. 1247,

21          Plaintiffs,

22  v.

23  SPRINTURF, LLC, a Delaware limited
    liability company,
24
            Defendant.
25

26

27

28

-1-

1  Plaintiffs allege as follows:

2  ## JURISDICTION

3       1.    Jurisdiction is conferred upon this Court by the Employee Income

4  Retirement Security Act of 1971, as amended ("ERISA"), 29 U.S.C. §1001, *et seq.*,

5  and by section 301(a) of the Labor-Management Relations Act ("LMRA"), as

6  amended, 29 U.S.C. §185(a).

7  ## VENUE

8       2.    In accordance with section 502(e) of ERISA, 29 U.S.C. §1132(e), venue

9  is appropriate in the Central District of California as the place where the Trust Funds

10  are administered, and where the contractual obligations alleged herein are to be

11  performed.

12  ## PARTIES

13       3.    Plaintiffs, Board of Trustees ("Board of Trustees"), are fiduciaries of the

14  Southern California Floor Covering Pension Trust Fund, Southern California Floor

15  Covering Health and Welfare Trust Fund, Southern California Floor Covering

16  Apprenticeship and Training Trust Fund, Southern California Floor Covering

17  Vacation and Holiday Trust Fund, Contract Administration Trust Fund, and the

18  Painters and Allied Trades Labor Management Cooperation Fund (hereinafter

19  collectively referred to as "Trust Funds").  The Trust Funds are employee benefit

20  plans within the meaning of Section 3(3) of ERISA, 29 U.S.C. § 1002(3),

21  multiemployer plans within the meaning of Section 3(37)(A) of ERISA, 29 U.S.C. §

22  1002(37)(A), and express trusts in compliance with Section 302 of the LMRA, 29

23  U.S.C. § 186.  The Board of Trustees bring this lawsuit for and on behalf of the Trust

24  Funds to enforce Section 515 of ERISA [29 U.S.C. § 1145], to redress violations and

25  to obtain other appropriate legal and equitable relief.

26       4.    Plaintiff, Resilient Floor and Decorative Covering Local Union No. 1247

27  ("Union") is a labor organization within the meaning of Section 301 of the LMRA [29

28  U.S.C. § 185(a)], and an "employee organization" within the meaning of Section 3(4)

1 of ERISA [29 U.S.C. § 1002(4)]. Plaintiffs Board of Trustees and Union shall be
2 collectively referred to hereinafter as, "Plaintiffs."

3  5.  Plaintiffs are informed and believe, and thereon allege, that at all times
4 relevant herein, defendant, SPRINTURF, LLC ("SPRINTURF"), a Delaware limited
5 liability company, was and is a limited liability company existing under and by virtue
6 of the laws of the State of Delaware, and conducting business in the County of Los
7 Angeles.

8  6.  This complaint is prosecuted pursuant to section 301(a) of the LMRA, 29
9 U.S.C. §185(a), and pursuant to sections 502 and 515 of ERISA, 29 U.S.C. §§1132
10 and 1145, to enforce the provisions of a collective bargaining agreement and ERISA
11 against an employer engaged in an industry affecting commerce.

**FIRST CLAIM FOR RELIEF**

**(Specific Performance)**

(By All Plaintiffs Against Defendants)

15  7.  Plaintiffs hereby reallege each and every allegation contained in
16 paragraphs 1 through 6, inclusive, as if fully set forth herein.

17  8.  At all times relevant herein, SPRINTURF has been party to and bound by
18 The Los Angeles Unified School District Project Stabilization Agreement – New
19 School Construction Major Rehabilitation Funded by Proposition BB and/or Measure
20 K effective October 1, 2003 (hereinafter, "PSA"). As a party to the PSA,
21 SPRINTURF adopted, accepted and agreed to be bound to the provisions of the
22 Agreements and Declarations of Trust of each of the Trust Funds, and to any
23 amendments thereto or modifications thereof (hereinafter, "Trust Agreements").  A
24 true and correct copy of an excerpt of the PSA containing terms and conditions
25 relevant to this action, including SPRINTURF's Letter of Assent to the PSA, is
26 attached hereto as Exhibit "1," and is incorporated herein by this reference.

27  9.  The Trust Agreements vest in the Boards of Trustees the authority to
28 adopt and amend rules and regulations for the administration of the Trust Funds,

-3-

pursuant to which the Board of Trustees duly adopted and implemented the Audit and Collection Policies and Procedures for the Southern California Floor Covering Trust Funds, Effective May 24, 2017 (hereinafter, "Audit and Collection Procedures.")

10.     The Agreements, Audit and Collection Procedures, and Declarations of Trust provide that The Board of Trustees may undertake reasonable inquiry, including audit, of an Employer's records insofar as may be necessary or appropriate to verify an Employer's compliance with its obligations.  The Trust Agreements provide that the Board of Trustees may audit or cause the audit or inspection of the records of any employer in order to verify employer compliance and determine contributions and other amounts owed.  The Board of Trustees has determined that the following records must be made available for inspection, and are necessary for the Trust Funds to determine whether all contributions have been properly reported and paid in accordance with the PSA and Trust Agreements: non-redacted Certified Payroll Records, including nonperformance weeks, for the LAUSD Contract No. 1710075 for the Crenshaw Mag STEMM Project ("Project"); Trust reports for all individuals reported to Trust Funds, along with cancelled checks; and any books, records, documents necessary to determine whether full payment of all sums required have been made to the funds.

11.     In accordance with the provisions of the Trust Agreements and the exercise of their fiduciary duties required by federal statutory and common law, Plaintiffs require that SPRINTURF submit records for an audit from the period of January 1, 2018 through December 31, 2019, in order to ascertain hours worked and contributions owed for covered work performed pursuant to the terms of the PSA.

12.     Without access to all of the requested records, Plaintiffs are unable to determine the hours of covered work performed by bargaining unit employees, the contributions owed on their behalf, or whether benefits have been properly paid to SPRINTURF's employees, which may subject the Trust Funds and the Board of Trustees to penalties, suits and damages for failure to perform their duties, the gross

1    sum of which is incalculable, speculative, and leading to irreparable damage.

2        13.    In accordance with the provisions of the Trust Agreements and the

3    exercise of their fiduciary duties required by federal statutory and common law,

4    Plaintiffs demanded that SPRINTURF submit the foregoing records for auditing in

5    order to ascertain if SPRINTURF has properly reported and paid contributions in

6    accordance with the PSA and Trust Agreements. SPRINTURF has failed and refused

7    to comply with the Plaintiffs' audit demands.

8        14.    The Trust Agreements further provide that if an Employer fails to make

9    records available for an audit or inspection and the Trust Funds file a lawsuit to

10   compel the production of documents, the Employer will be liable for the Trust Funds'

11   enforcement expenses including "reasonable attorney fees and costs incurred by such

12   failure in addition to any other relief which may be ordered by a court of competent

13   jurisdiction."

14       15.    As a result of SPRINTURF's failure to provide access to its records for

15   audit either electronically or through delivery of the requested records to the Trust

16   Funds' auditors, it has been necessary for the Trust Funds to retain the law firm of

17   Wohlner Kaplon Cutler Halford & Rosenfeld and Plaintiffs have incurred costs.

18       16.    In accordance with the terms of the PSA and the Trust Agreements and

19   pursuant to Sections 502(g)(E) and 515 of ERISA [29 U.S.C. §§1132(g)(2)(E) and

20   1145], Plaintiffs are entitled to and hereby demand that SPRINTURF make its records

21   available for audit for the period of January 1, 2018 through December 31, 2019.

**SECOND CLAIM FOR RELIEF**

**(Injunctive Relief)**

24       17.    Plaintiffs hereby reallege each and every allegation contained in

25   paragraphs 1 through 17, as if fully set forth herein.

26       18.    By failing to permit an audit of all requested records by the Trust Funds

27   in accordance with the provisions of the PSA and the Trust Agreements, SPRINTURF

28   has violated ERISA §515, 29 U.S.C. §1145.

19.     Without access to the compensation records as demanded, Plaintiffs are unable to determine whether SPRINTURF has accurately reported and paid contributions to the Trust Funds in accordance with the PSA and the Trust Agreements since reporting is based solely on an Employer's statement and the Plaintiffs have no quick, economical, or efficient way to determine if the reported contributions are correct.  Without access to SPRINTURF's records, Plaintiffs will be unable to determine whether benefits have been properly paid which may subject Plaintiffs and/or Trust Funds to penalties, suits and damages for the failure to perform their duties, the gross sum of which is incalculable, speculative, and may lead to irreparable damage.

20.     In accordance with the terms of the PSA and the Trust Agreements and pursuant to ERISA §§502(g)(2)(E) and 515, 29 U.S.C. §§1132(g)(2)(E) and 1145, and ERISA §502(a)(3), 29 U.S.C. §1132(a)(3), Plaintiffs are entitled to and hereby demand as appropriate equitable relief that the Court issue an order requiring SPRINTURF to make records of SPRINTURF available electronically for audit or by delivery to the Trust Funds' auditors for the period of January 1, 2018 through December 31, 2019.

WHEREFORE, Plaintiffs pray for judgment against Defendant, SPRINTURF, a Delaware limited liability company, as follows:

1.     For an Order compelling audit whereby SPRINTURF shall be directed by the Court within a specified time after entry to:

> A. Make electronic copies available of non-redacted Certified Payroll Records, including nonperformance weeks, for the Project; Trust reports for all individuals reported to Trust Funds, along with cancelled checks; and any other records or information that the Trust Funds require to examine for the audit period commencing January 1, 2018 through December 31, 2019, or in the alternative deliver such records to the Trust Funds' auditor's offices in Los Angeles,

California.

    B. Afford to the Trust Funds both ample time and opportunity to examine all of SPRINTURF's materials specified above, without harassment, at the Trust Funds' auditor's office in Los Angeles, California.

  2. That in the event SPRINTURF cannot produce all of the records which the Trust Funds are required to examine, the Court enter an Order Compelling Reconstruction where SPRINTURF shall be directed by the Court within a specified time after the entry thereof, to:

    A. Apply to the Federal and State agencies with which SPRINTURF previously filed periodic reports pertaining to employees for copies of SPRINTURF's reports to them for all of the periods for which SPRINTURF cannot produce records; and

    B. Subsequently make available to the Trust Funds all such copies of SPRINTURF's periodic reports to the Federal and State agencies under the conditions set forth in 1(B) above.

  3. For payment of any unpaid contributions disclosed by audit and for liquidated damages and interest assessed on all unpaid contributions in accordance with the Trust Agreements and ERISA for the period of January 1, 2018 through December 31, 2019.

  4. For all fees and costs of audit;

  5. For reasonable attorneys' fees incurred in prosecuting this action;

  6. For costs of suit; and

/ / /

/ / /

/ / /

/ / /

/ / /

1    7.    For such other relief as the court deems appropriate, and for such other

2    legal or equitable relief required by Section 502(g)(2)(E) of ERISA, 29 U.S.C.

3    §1132(g)(2)(E).

4

5    DATED:  June 30, 2020            Jeffrey L. Cutler, Esq.
                                      Elizabeth Rosenfeld, Esq.
6                                     Marie J. Skinner, Esq.
                                      WOHLNER KAPLON CUTLER
7                                     HALFORD & ROSENFELD

8
                                      By:  */s/ Marie J. Skinner*
9
                                      MARIE J. SKINNER
10                                    Attorneys for Plaintiffs,
                                      Board of Trustees of the Southern California Floor
11                                    Covering Pension Trust Fund, Southern California
                                      Floor Covering Health and Welfare Trust Fund,
12                                    Southern California Floor Covering Apprenticeship
                                      and Training Trust Fund, Southern California Floor
13                                    Covering Vacation and Holiday Trust Fund, Contract
                                      Administration Trust Fund, Painters and Allied
14                                    Trades Labor Management Cooperation Fund, and the
                                      Resilient Floor and Decorative Floor Covering Local
15                                    Union No. 1247

16

17

18

19

20

21

22

23

24

25

26

27

28